```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         BECKLEY DIVISION
```

**CHARLES D. CANTERBURY,**

    **Plaintiff,**

v.                                           Civil Action No. 5:05-0028

**UNITED STATES DEPARTMENT OF LABOR,**
**and UNITED STATES POSTAL SERVICE,**

    **Defendants.**

<u>**MEMORANDUM OPINION**</u>

This matter is before the court on motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants United States Department of Labor ("DOL") and United States Postal Service ("USPS").  (<u>See</u> Docket Nos. 11 & 13.)  For the reasons discussed below, in an accompanying Judgment Order, these motions are to be granted.

**I.  Factual Allegations**

On January 10, 2005, plaintiff Charles D. Canterbury, a government contractor and mail delivery driver, filed a pro se complaint with this court alleging that DOL and USPS violated contracts they had with him.  Specifically, plaintiff states that he was a mail contractor with these entities starting July 1, 1998, and that in late 2001, or early 2002, DOL asked him to "give up" two contracts, USPS "said [he] couldn't" and "DOL was wrong."  (Docket No. 1 at 1.)  He requests a hearing on this case

because he was completing his contractual obligations in the same manner as had "every H.C. contractor" he was aware of "for 50 years." (Id. at 1-2.)  He states USPS "should be held liable on contracts and held for all back pay and hardship it has cause[d]" him.  (Id.)  In turn, DOL should be held liable "for causing hardship" for plaintiff.  (Id. at 2.)  From DOL, he requests "the money that they held plus court costs and what was left on [his] contracts plus a fair amount for hardship and postage."  (Id.)

## II.  USPS's Motion to Dismiss under Rule 12(b)(1)

USPS has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  For a 12(b)(1) motion addressing the existence of subject matter jurisdiction, "no presumptive truthfulness attaches to a plaintiff's allegations." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Accordingly, unlike a motion under Rule 12(b)(6), consideration of a motion under Rule 12(b)(1) need not be limited.  A court may decide for itself the factual issues which determine jurisdiction.  Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897 (1981).

In face of a motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of establishing the existence of subject matter jurisdiction.  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).  Here, plaintiff bears

the burden of establishing an unequivocal waiver of sovereign immunity by the government.

Here, plaintiff has made no effort to identify the basis for the court's jurisdiction over his claims against USPS. In his complaint, plaintiff alleges the existence of a contract for services between himself and USPS. These contracts were subject to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613. The CDA expressly states that USPS is an executive agency covered under its terms. See 41 U.S.C. § 601(a).

In cases arising out of contracts with the United States, of which USPS is an agency, Congress has waived sovereign immunity with the proviso that jurisdiction only be vested in the United States Court of Claims when plaintiff claims damages in excess of $10,000. See 28 U.S.C. § 1346(a)(2). Federal district courts lack jurisdiction over any such claims. See United States v. J & E Salvage Co., 55 F.3d 985, 987 (4th Cir. 1995). Further, the CDA preempts any grant of jurisdiction of district courts found in the Postal Reorganization Act. See, e.g., Spodek v. United States Postal Serv., 35 F. Supp. 2d 160, 166 (D. Mass. 1999); Twin Cities Air Serv., Inc. v. United States Postal Serv., 195 F. Supp. 2d 242, 242-43 (D. Me. 2002) (listing cases, stating that as courts across the country have stated that any grant of jurisdiction to district courts is preempted by the CDA,

"[n]othing would be gained by spilling more ink" reaching the same conclusion they already had).

Even holding plaintiff to the lower standard for pleading dictated by Fourth Circuit precedent, see, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972), USPS's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure must be granted. See Materson v. Stokes, 166 F.R.D. 368, 371-72 (E.D. Va. 1996), aff'd, 106 F.3d 390 (4th Cir. 1997) (granting a motion to dismiss against a pro se plaintiff). Insofar as plaintiff has a claim against USPS, this court has no jurisdiction over it. As such, it must be dismissed.

### III. DOL's Motion to Dismiss Under Rule 12(b)(6)

In his complaint, plaintiff alleges that DOL inflicted "hardship" on him in connection with three contracts he had with USPS to deliver mail near Lewisburg, West Virginia. (See Docket No. 1 at 2.) From DOL, plaintiff requests "the money that they held plus court costs and what was left on [his] contracts plus a fair amount for hardship and postage." (Id.) Plaintiff attached to his complaint a Final Decision and Order of DOL's Administrative Review Board under the McNamara-O'Hara Service Contract Act ("SCA"), 41 U.S.C. §§ 351 et seq. in Canterbury v. Administrator, Wage and Hour Division, U.S. Department of Labor, ARB Case No. 03-135 (Dec. 29, 2004). In this decision, the Board affirmed an administrative law judge's ("ALJ's") decision an

order imposing sanctions against plaintiff for his failure to comply with the ALJ's discovery orders and entering summary judgment in the Secretary's favor.

In its motion to dismiss, DOL states that plaintiff was cited for failure to pay service employees the minimum wages and fringe benefits he was required to under the SCA. (Docket No. 12 at 2.) The Secretary initiated a hearing before a DOL ALJ, alleging that plaintiff had committed violations of the SCA and that plaintiff should be debarred from obtaining SCA contracts for three years pursuant to 41 U.S.C. § 354(a). (Id.) Further, their complaint sought $25,801.80 in back wages for four of plaintiff's employees. (Id.)

During prehearing proceedings, DOL avers that plaintiff refused to comply with discovery requests; after a period of seven months and three discovery orders, the ALJ informed plaintiff that any future failure to respond would lead to the possibility of sanctions. (Id.) When plaintiff again failed to respond, the ALJ imposed sanctions against plaintiff and granted a DOL request to deem all unanswered questions admitted. (Id. at 3.) Once this happened, the ALJ entered summary judgment for the Secretary because no issues were left in dispute. (Id.) The decision to sanction plaintiff was upheld on appeal. (Id.)

Here, as in <u>Materson v. Stokes</u>, 166 F.R.D. 368, 371-72 (E.D. Va. 1996), <u>aff'd</u>, 106 F.3d 390 (4th Cir. 1997), plaintiff has

failed to set forth any claim against DOL. Because plaintiff attaches the Board's decision to his complaint, he appears to have asked the court to review its decision. If plaintiff were challenging this decision, the court would have jurisdiction to review this decision under the Administrative Procedure Act, 5 U.S.C. §§ 702-706 (providing for review of final agency action).

However, even under a liberal construction of plaintiff's complaint and response to this motion to dismiss (Docket No. 19), it is not clear what plaintiff asks the court to do. Plaintiff's complaint just makes reference to "hardship" and asks for the money left on his contracts, court costs, and postage. Plaintiff does not argue that the Agency's decision was wrong. He does not say that he made efforts to comply with the ALJ's discovery orders. He does not say that the underlying allegations are not true. He only says that, regarding the contracts, he had behaved in the same fashion as had everyone else, and he had been the only person punished in this fashion. Like the claimant in Materson, because plaintiff's pleadings "only offer meager and muddled details as to his allegations," the court must dismiss this case. See 166 F.R.D. at 372. Even accounting for his status as a pro se litigant, this is not enough to withstand DOL's motion. As such, DOL's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted without prejudice.

## IV. Conclusion

For the foregoing reasons, by accompanying Judgment Order, defendants' motions to dismiss will be granted and final judgment entered in their favor.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 26th day of September, 2005.

Enter:

David A. Faber
Chief Judge